UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

PHYLLIS CAMERON, on behalf of herself :
and all other similarly situated persons, :
                                              :
                                              :          **COMPLAINT**
                        Plaintiff, :
             v.                 :          **FLSA COLLECTIVE ACTION**
                                              :
ISABELLA GERIATRIC CENTER, INC., :          **JURY TRIAL DEMANDED**
                                              :
                                              :
                      Defendant. :

-------------------------------------------------------X

       Plaintiff Phyllis Cameron, by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action, on behalf of herself and other employees similarly situated, against Defendant Isabella Geriatric Center, Inc., ("Defendant") to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  Plaintiff seeks, for herself and other similarly situated employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

## JURISDICTION AND VENUE

       2.    Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendant does business in, and accordingly resides in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4.      Plaintiff Phyllis Cameron ("Plaintiff") resides in the County of New York in the State of New York.  Defendant employed Plaintiff as a nurse for approximately twenty-five (25) years until October of 2015.

5.      Plaintiff began her employment with Defendant as a Licensed Practical Nurse ("LPN").  Eight years later, she became a Registered Nurse ("RN").  Plaintiff worked for Defendant as an RN for approximately eighteen (18) years.

6.      At the time that Plaintiff's employment with Defendant ended, her regular hourly rate was approximately $40.00.

7.      Defendant is a New York State domestic not-for-profit corporation with its principal place of business at 515 Audubon Avenue, New York 10040.

8.      Defendant grossed more than $500,000.00 in each of the last three (3) calendar years.  For example, Defendant grossed more than $126,000,000.00 in 2013.

9.      At all times relevant hereto, the activities of the Defendant jointly and separately constituted an "enterprise" within the meaning of §3(r) & (s) of the FLSA, 29 U.S.C. §203 (r) & (s).

10.      At all times relevant hereto, Defendant employed employees, including Plaintiff and the FLSA Collective Action Members, who regularly were employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or

in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of §3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

11.     At all relevant times, Defendant has been, and continues to be, an "employer"/"enterprise" engaged in "interstate commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203.  At all times relevant hereto, Defendant has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D).  At all relevant times, Defendant has employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

12.     Defendant operates a 705-bed nursing home on its four-acre campus in New York City.

13.     To care for its nursing home patients/residents, Defendant employs many RNs and LPNs, including Plaintiff and each of the FLSA Collective Plaintiffs.

14.     At all times relevant hereto, Defendant's RNs and LPNs (collectively "nurses") were paid on an hourly basis.

15.     Defendant's nurses were non-exempt employees entitled to be paid one and one half times their regular hourly rate for all hours over forty (40) worked in a workweek.

16.     Defendant assigns all full-time nurses to one of three shifts:  the day shift from 7:30 am until 3:30 pm; the afternoon shift from 3:30 pm until 11:30 pm; or the night shift from 11:30 pm until 7:30 am.

17.     Defendant deducts a half hour from each of these eight hour shifts for a meal break whether or not the nurse is able to take a break.  Thus, Defendant pays full-time nurses seven and one half hours (7.5) for each eight (8) hour shift.

18.     Defendant normally pays its nurses thirty-seven and one half (37.5) hours for each five day workweek.

19.     When they begin their shift, Defendant requires the nurses, including Plaintiff, to review the status of residents with the nurse on the previous shift.  In addition, Defendant requires nurses who are responsible for dispensing medicine to count all narcotics with the nurse from the previous shift.

20.     At the end of their shift, Defendant requires nurses, including Plaintiff, to review the status of residents with the nurse on the next shift.  In addition, Defendant requires nurses who are responsible for dispensing medicine to count all narcotics with the nurse from the next shift.

21.     Defendant pays nurses for only their scheduled hours.  Defendant does not pay nurses for this time that they are required to spend before and after their scheduled shifts working with nurses on the other shifts.

22.     Moreover, Defendant assigns more work to nurses than they can complete within their scheduled shifts.  As a result, nurses regularly work unpaid time before and after their scheduled shifts and during their meal breaks.

23.     Defendant scheduled Plaintiff to work from 7:30 am to 3:30 pm.  However Plaintiff often had to work until as late as 5:00 pm to finish her work.

24.     Plaintiff is a licensed RN and feared that she could be accused of neglect and lose her license if she did not stay and complete her work.

25.     Defendant even reprimanded Plaintiff for not caring for residents after the end of her scheduled shift.

26.     In the autumn of 2015, a resident fell after the end of Plaintiff's scheduled shift.  Plaintiff was still working on required documentation and did not see the fall, but a supervisor, Neighborhood Director Rios, reprimanded Plaintiff for not taking care of the resident.   After the resident fell, Neighborhood Director Rios required Plaintiff to take part in a conference about the fall.  The conference did not start until after 4:00 pm more than one half hour after the 3:30 pm end of Plaintiff's scheduled shift.  Even after the conference ended, Plaintiff still had to complete her work which had been delayed by the conference.  Plaintiff did not finish working until approximately 5:30 pm.

27.     Plaintiff was never paid for the approximately two (2) hours post shift that she stayed as a result of the conference about the resident's fall and the work that she was required to complete, even though one of Defendant's supervisors directed her to stay and attend the conference.

28.     Plaintiff always clocked out after she actually finished working, but Defendant did not pay her for the extra time.  Even when Plaintiff clocked out at 5:00 pm, one hour and a half after the end of her scheduled shift, Defendant did not pay her for the time.

29.     Plaintiff regularly saw other nurses working past their scheduled shifts. Some of these nurses would clock out and then go back to work while others would clock out after they completed their work.  Either way Defendant did not pay nurses for time that they worked after the end of their scheduled shifts.

5

30.     Defendant also did not pay nurses for the time that they worked before the start of their scheduled shifts.

31.     To complete their work, Plaintiff and other nurses regularly worked through their meal breaks.  Defendant did not pay Plaintiff and other nurses for the time when they worked through their meal breaks.

32.     Plaintiff estimates that she regularly worked approximately forty-five (45) hours or more in a week, but was only paid for thirty-seven and one half (37.5) hours.

33.     Defendant's management, including Director of Nursing, Mariam Paul, and Vice President of Human Resources, Eileen Casey, knew that Plaintiff and the other nurses were working many unpaid hours.  Ms. Paul and Ms. Casey told Plaintiff that Defendant would be forced to pay Plaintiff a lot of money for unpaid hours if the labor board ever investigated.

34.     Defendant had a standard policy, which it applied to all nurses, including Plaintiff, of only paying for scheduled hours worked, unless the nurse was asked to work an additional shift.

35.     Defendant had a standard policy, which it applied to all nurses including Plaintiff, of not paying for work performed before or after nurses' scheduled shifts or during their meal breaks.

36.     As a result of the above illegal policies and practices, Defendant failed to pay Plaintiff, and the FLSA Collective, at the required overtime rates of one and one-half times their regular hourly rate of pay for all hours they worked in excess of forty hours in a workweek.

37.     Defendant knew of, and/or showed reckless disregard for, the practices by which Defendant failed to pay overtime premiums for all hours worked in excess of 40 hours in a week.  Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that it violated the FLSA.

38.     Defendant committed the foregoing acts knowingly, intentionally and willfully against Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated nurses, including RNs and LPNs, who were employed by Defendant and worked over forty (40) hours in a workweek at any time during the three years prior to the filing of the original Complaint to the entry of judgment in this case.  All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

40.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime premiums for all hours worked in excess of forty (40) hours per workweek.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

41.     Other nurses currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this

action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

42.    The Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant from records it is legally required to maintain.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

43.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

44.    Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b).  Plaintiff's written consent is attached hereto as Exhibit A.

45.    At all times relevant hereto, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

46.    At all relevant times, Defendant had a policy and practice of refusing to pay all of the wages and overtime compensation it owed to Plaintiff and the FLSA Collective Plaintiffs for all of their hours worked, including hours worked in excess of forty hours per workweek.  At all relevant times, Defendant willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

47.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid hours and overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs;

(c)    An award of unpaid wages and overtime compensation, according to proof, including FLSA liquidated damages, to be paid by Defendant;

(d)    Costs of action incurred herein, including expert fees;

(e)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(f)    Pre-Judgment and post-judgment interest, as provided by law; and

(g)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMAND**

Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial

Dated: June 10, 2016

HARRISON, HARRISON & ASSOCIATES, LTD.

    /S/ DAVID HARRISON

David Harrison
nycotlaw@gmail.com
Julie Salwen
Julie.Salwen@optonline.net
Harold W. LeMar, Esq.
haroldwlemar@gmail.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone

*Attorneys for Plaintiffs and the FLSA Collective*

# Exhibit A

I am a current or former employee of ISABELLA GERIATRIC CENTER, INC. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _28th_ day of _March_ , 2016.

_Phyllis Cameron_
Signature

_Phyllis Cameron_
Full Legal Name (print)