# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7TH FLOOR
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ  07701

August 31, 2017

VIA ECF

Honorable Ronald L. Ellis
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Cameron et. al. v. Isabella Geriatric Center, Inc.,* - 16-CV-04357 (RA)(RLE)

Dear Judge Ellis:

The parties in this case are pleased to advise the Court that the three lead Plaintiffs in this case, Phyllis Cameron, Cuba Bryant, and Reina Rojas, and the nine opt-in Plaintiffs, Lucinda James, Nora Lucas, Ingrid Mathurin, Tatiana Oumantseva, Nettie Peterkin, Rebecca Pierre-Louis, Nisha Pullat, Grissel Reynosa, and Shelly Robinson (collectively, "Plaintiffs"), recently entered into a settlement agreement ("Agreement") with Defendant Isabella Geriatric Center, Inc. ("Defendant").  The parties respectfully request that the Court approve their Agreement – attached hereto as Exhibit "2" – and the settlement of the wage and hour claims as final, fair, reasonable, adequate, and binding on Plaintiffs and that the Court dismiss this litigation with prejudice discontinuing this case.[1]

The terms of the Agreement provide that in exchange for Plaintiffs discontinuing this litigation and executing a wage and hour release in favor of Defendant, Defendant shall pay Plaintiffs a total of $181,800.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements.  The Agreement reflects a compromise between Plaintiffs and Defendant.  While Plaintiffs possibly could have received more money had they proceeded to and won at trial, Plaintiffs believe the Agreement to be a fair and reasonable compromise which avoids the risks of litigation and provides them with a recovery sooner than they could hope for if the litigation continues.

---

[1] The parties are separately filing a Stipulated Order of Discontinuance today.  Inasmuch as the Settlement Amount will be paid out in three installments over the next two plus years, the Parties have agreed to request that this Court retain jurisdiction to enforce the terms of the Agreement.

In addition to the inherent risks of litigation, there were other risks involved in continuing to trial.  While Plaintiffs are not receiving the full potential recovery that they could receive at trial if they win on all of their claims, much of their damages are for time worked off the clock making proof at trial of the full amount of their alleged unpaid time difficult.  Defendant disputes Plaintiffs claims.  Moreover, because neither side has proper records of all of the claimed off-the-clock time, the amount of any overtime and unpaid wages found to be owed to Plaintiffs could be uncertain and may amount to less than their estimated unpaid wages and/or the Settlement Amount.  Thus even if Defendant is found liable at trial, the fact finder might find that the damages were significantly less than Plaintiffs' estimates.

Even the unpaid on-the-clock time has risks.  Defendant has informed Plaintiffs of Portal to Portal Act defenses to their claims for on-the-clock time, one or more of which might have been successful if litigation had continued.  In addition, Defendant has put forward other defenses such as potential offsets that, if accepted by the Court, would minimize the damages.

Plaintiffs hired a damages expert who estimated their approximate unpaid wages in advance of the parties' mediation.  (Defendant vigorously disputes Plaintiffs' damages estimates).  Based on Plaintiffs' approximations, each of the LPN Plaintiffs will be receiving—after fees and costs—approximately thirty-five percent (35%) of her unpaid wages.  Each of the RN Plaintiffs will be receiving—after fees and costs—a higher percentage of her unpaid FLSA wages, but only approximately twenty-one percent (21%) of her unpaid wages for all wage and hour claims that she could potentially make, including New York contract law claims which were not pled in the Complaint.[2]  After factoring in the fact that the contract claims were not pled in the Complaint and have a much lower chance of success at trial than either the FLSA claims or the New York Labor Law ("NYLL") claims of the LPN Plaintiffs, the settlement percentages for the LPN Plaintiffs and the RN Plaintiffs are proportional.

Plaintiffs' decision to settle this action was motivated in part by their desire to receive payment sooner, rather than having to possibly wait several years while litigation continued.  Plaintiffs also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial.  They also did not want to take time off from work for depositions, settlement conferences, and trial.

Plaintiffs – and Defendant – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

---

[2] Unlike the LPN Plaintiffs, the RN Plaintiffs are considered exempt under the New York Labor Law and therefore have no NYLL claims.

## ATTORNEYS' FEES & COSTS

From the Settlement Amount, $10,000.00 of Plaintiffs' total costs of $10,187.50[3] will be reimbursed (attached as Exhibit "1" is a list of Plaintiffs' costs).  From the remaining $171,600.00, $18,600.00 is allocated as service awards – $8,600.00 to Plaintiff Phyllis Cameron who initiated the litigation and $5,000.00 each to named Plaintiffs Cuba Bryant and Reina Rojas – and $97,000.00 will be paid out to the Plaintiffs – see Section 3.1(B) of the Agreement for the amounts each Plaintiff will receive – and $56,200.00 is allocated for attorneys' fees.  In order to facilitate settlement and ensure that the Plaintiffs received a fair recovery, Plaintiffs' counsel agreed to accept less in fees than their total lodestar amount of $67,682.50.[3]

The $56,200.00 that Plaintiffs' counsel is receiving in fees represents thirty-one percent (31%) of the Settlement Amount and is also less than the one-third contingency fee agreed to by Plaintiffs in their retainer agreements.  One third contingency fees are regularly approved in this circuit in FLSA and NYLL cases.  *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit.");   *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y 2013) ("Class Counsel is requesting 33% of the $4.9 million settlement.  This case does not require a 'sliding scale' approach to prevent a windfall because the requested amount is 'consistent with the norms of class litigation in this circuit.'") (Ellis, M.J.); *Rangel v. 639 Grand St. Meat & Produce Corp*., 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.");  *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and that the Court "so order" the "Stipulation & Order of Dismissal" being filed today with the Court discontinuing this case, but retaining the Court's jurisdiction to enforce the terms of the Agreement.  Defendant consents to this request.  We thank the Court for its attention to this matter.

Respectfully Submitted,

---

[3] Attorneys' fees and costs are accurate as of August 18, 2017, and do not include continuing time and costs associated with outreach to clients and application to the Court for approval of the Agreement.

/s/ David Harrison_____
David Harrison, Esq.
Julie Salwen, Esq.

cc: All counsel of record (via ECF)

# EXHIBIT 1

# Harrison Harrison & Associates
## 110 State Highway 35, 2nd Floor
## Red Bank, NJ 07701
Ph : 888-239-4410, Fax : 718-799-9171
## User Entry Report as of 08/01/2017

| Date | Matter | Activity | Description | Labor | Total | Rate | Billable | Amount |
|------|--------|----------|-------------|-------|-------|------|----------|--------|
| **Client : Isabella - RN** | | | | | | | | |
| **User : DAVID HARRISON** | | | | | | | | |
| 06/10/16 | Non Matter Related | Fed. Crt. Filing Fee | filing fee | 0.00 | 1.00 | 400.00 Exp | | $400.00 |
| 04/04/17 | Non Matter Related | Printing | printed 100 pages for mediation | 0.00 | 1.00 | 20.00 Exp | | $20.00 |
| 07/31/17 | Non Matter Related | Damages Expert | Martin Shapiro, PHD damages consulting and calculations - $7,000 (20 hrs) allocated to Cameron | 0.00 | 1.00 | 7,000.00 Exp | | $7,000.00 |
| | | | **Total for DAVID HARRISON:** | **0.00** | **3.00** | | | **$7,420.00** |
| **User : Law Clerk /Paralegal** | | | | | | | | |
| 01/04/17 | Non Matter Related | Mailings | printing costs | 0.00 | 1.00 | 170.58 Exp | | $170.58 |
| | | | **Total for Law Clerk /Paralegal:** | **0.00** | **1.00** | | | **$170.58** |
| **User : Meir Kalish** | | | | | | | | |
| 11/21/16 | Non Matter Related | Printing | Printing of 216(b) notice and consent forms | 0.00 | 1.00 | 127.09 Exp | | $127.09 |
| 11/21/16 | Non Matter Related | Postage | Postage for 216(b) mailing of notice and consent forms | 0.00 | 1.00 | 257.56 Exp | | $257.56 |
| 11/21/16 | Non Matter Related | Mailings | Envelopes for 216(b) mailing  of notice and consent forms | 0.00 | 1.00 | 54.80 Exp | | $54.80 |
| 12/16/16 | Non Matter Related | Mailings | Envelopes for mailing of reminder notices and consent forms | 0.00 | 1.00 | 53.40 Exp | | $53.40 |
| 12/16/16 | Non Matter Related | Mailings | Printing of reminder notice and consent forms | 0.00 | 1.00 | 151.06 Exp | | $151.06 |
| 12/16/16 | Non Matter Related | Postage | Postage for reminder notice and consent forms | 0.00 | 1.00 | 250.98 Exp | | $250.98 |
| | | | **Total for Meir Kalish:** | **0.00** | **6.00** | | | **$894.89** |
| **User : Rebecca Arbolino** | | | | | | | | |
| 11/01/16 | Non Matter Related | Website | Website for 216(b) notice - $850 for setup and $825 for 5 months of hosting fees | 0.00 | 1.00 | 1,675.00 Exp | | $1,675.00 |
| 05/02/17 | Non Matter Related | Mailings | Letter to clients | 0.00 | 1.00 | 10.08 Exp | | $10.08 |
| 07/31/17 | Non Matter Related | Legal Research (WestLaw) | May 1, 2015 - July 30, 2017 | 0.00 | 1.00 | 16.95 Exp | | $16.95 |
| | | | **Total for Rebecca Arbolino:** | **0.00** | **3.00** | | | **$1,702.03** |
| | | | **Total for Isabella - RN:** | **0.00** | **13.00** | | | **$10,187.50** |
| | | | **Grand Total:** | **0.00** | **13.00** | | | **$10,187.50** |

# EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and between Phyllis Cameron, Cuba Bryant, Reina Rojas, Nettie Peterkin, Nisha R. Pullat, Rebecca Pierre-Louis, Lucinda James, Nora Lucas, Tatiana Oumantseva, Grissel Reynoso, Ingrid Mathurin, and Shelly Robinson, and Isabella Geriatric Center, Inc.

## RECITALS

WHEREAS, each of the Plaintiffs is a named plaintiff or an opt-in plaintiff in the action captioned *Cameron et al. v. Isabella Geriatric Center, Inc.*, 16-cv-04357 (RA) (RLE), pending before the United States District Court for the Southern District of New York (the "Litigation");

WHEREAS, in the Litigation, Plaintiffs have asserted claims under the Fair Labor Standards Act and the New York State Labor Law for an alleged failure to pay wages and provide accurate wage statements and they are seeking wages, liquidated damages, statutory penalties, interest, and attorneys' fees and costs;

WHEREAS, Defendant has defended and intends to vigorously contest each and every claim in the Litigation, denies all material allegations of the Litigation and asserts numerous meritorious defenses. Defendant nevertheless, without admitting any wrongdoing or liability, has agreed to this settlement on the terms and conditions set forth in this Agreement, to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to all wage and hour and recordkeeping claims under the New York Labor Law (including the Wage Theft Prevention Act) and the Fair Labor Standards Act (collectively, the "Wage and Hour Claims");

WHEREAS, the Parties engaged in two mediation sessions with Martin F. Scheinman, Esq., during which they were able to reach a settlement in principle;

WHEREAS, without any person or entity admitting or conceding liability or damages in any manner whatsoever, Plaintiffs and Defendant (collectively, the "Parties") agree to settle the Wage and Hour Claims on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, the Parties hereto agree to a full and complete settlement of the Wage and Hour Claims on the following terms and conditions:

## 1.      DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1      **Agreement**. "Agreement" means this Settlement Agreement.

1.2      **Approval Motion.**  "Approval Motion" means the motion the Plaintiffs shall make upon consent for an order approving the settlement of Plaintiffs' Wage and Hour Claims.

1.3     **Approval Order.**  "Approval Order" means the order the Court issues approving of the Approval Motion.

1.4     **Court.**  "Court" means the United States District Court for the Southern District of New York.

1.5     **Days**.  "Days" means calendar days unless otherwise specified in this Agreement.  If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

1.6     **Defendant**.  "Defendant" means Defendant Isabella Geriatric Center, Inc.

1.7     **Defendant's Counsel**.  "Defendant's Counsel" means Bond, Schoeneck & King, PLLC.

1.8     **Effective Date**.  "Effective Date" shall be the first business day after the conditions precedent in Section 2.3 all are satisfied.

1.9     **FLSA.**  "FLSA" means the Fair Labor Standards Act.

1.10    **Individual Settlement Amount.**  "Individual Settlement Amount" means the amount payable to each Plaintiff representing alleged lost wages, penalties, interest and liquidated damages payable under Sections 3.1(B), 3.1(C), 3.1(D), 3.1(E), 3.1(F), 3.1(G), 3.1(H), 3.1(I), 3.1(J), 3.1(K), 3.1(L), 3.1(M) of this Agreement.

1.11    **Named Plaintiffs.**  "Named Plaintiffs" mean Phyllis Cameron, Cuba Bryant, and Reina Rojas.

1.12    **Plaintiffs**.  "Plaintiffs" mean Phyllis Cameron, Cuba Bryant, Reina Rojas, Nettie Peterkin, Nisha R. Pullat, Rebecca Pierre-Louis, Lucinda James, Nora Lucas, Tatiana Oumantseva, Grissel Reynoso, Ingrid Mathurin, and Shelly Robinson.

1.13    **Plaintiffs' Counsel**.  "Plaintiffs' Counsel" means Harrison, Harrison & Associates, Ltd.

1.14    **Settlement Amount.**  "Settlement Amount" means One Hundred Eighty-One Thousand Eight Hundred Dollars and No Cents ($181,800.00).

2.      **COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT**

2.1     **Motion for Court Approval of FLSA Settlement**.

(A)     On or before August 25, 2017, Plaintiffs will file the Approval Motion, unless another date is agreed to in writing by Defendant's Counsel and Plaintiffs' Counsel.  The Approval Motion will be provided to Defendant for review and comment at least five (5) calendar days prior to filing with the Court, and Plaintiffs will accept Defendant's reasonable comments.  Defendant may oppose the Approval Motion with respect to any comments that are not accepted by Plaintiffs.

(B)    In their Approval Motion, Plaintiffs shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on all Plaintiffs, and shall dismiss the Litigation with prejudice and without attorneys' fees or costs to any Party except as provided in this Agreement. The Parties will also request that the Court retain jurisdiction over the settlement until all of the settlement payments provided for herein have been made.

(C)    If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any.  Should such efforts be unsuccessful and/or denied, the Litigation will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in those proceedings.

(D)    The Parties will work together, diligently and in good faith, to obtain expeditiously an order approving the settlement and dismissing this Litigation with prejudice.  Notwithstanding said dismissal, the Parties will request that the Court retain jurisdiction over the settlement until all of the settlement payments provided for herein have been made.

**2.2    Consent to Reference to Magistrate Judge.**  The Parties shall cause their counsel to execute and file a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge by which the Parties consent to have the Magistrate Judge assigned to the Litigation enter a final order dispositive of the Approval Motion.  If the Magistrate Judge enters a final order approving this settlement, the Parties shall cause their counsel to execute and file a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, to permit the Magistrate Judge to interpret, implement, and enforce the Agreement after Approval.

**2.3    Effectiveness.**  This Agreement shall be effective seven (7) days after the Approval Order becomes a final non-appealable order; provided, however, that the provisions of Section 2 of this Agreement shall become effective immediately upon execution of this Agreement by Defendant and each of the Plaintiffs.

**3.    SETTLEMENT TERMS**

**3.1    Settlement Amount**.

(A)    Defendant agrees to pay the Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs and any and all claims for attorneys' fees and costs in respect of the Wage and Hour Claims.  Other than the employer payroll taxes described in Section 3.4(C), Defendant will not be required to pay more than the Settlement Amount under the terms of this Agreement.  The Settlement Amount shall comprise all amounts payable under Sections 3.1(B), 3.1(C), 3.1(D), 3.1(E), 3.1(F), 3.1(G), 3.1(H), 3.1(I), 3.1(J), 3.1(K), 3.1(L), 3.1(M), 3.2 and 3.3 of this Agreement.

(B)     Plaintiff Phyllis Cameron shall be entitled to receive a payment in the gross amount of $11,260.00 , representing alleged lost wages of $5,630.00 and claimed penalties, interest and liquidated damages of $5,630.00.

(C)     Plaintiff Cuba Bryant shall be entitled to receive a payment in the gross amount of $12,805.00, representing alleged lost wages of $6,402.50 and claimed penalties, interest and liquidated damages of $6,402.50.

(D)     Plaintiff Reina Rojas shall be entitled to receive a payment in the gross amount of $3,965.00, representing alleged lost wages of $1,982.50 and claimed penalties, interest and liquidated damages of $1,982.50.

(E)     Plaintiff Nettie Peterkin shall be entitled to receive a payment in the gross amount of $2,560.00, representing alleged lost wages of $1,280.00 and claimed penalties, interest and liquidated damages of $1,280.00.

(F)     Plaintiff Nisha R. Pullat shall be entitled to receive a payment in the gross amount of $13,910.00, representing alleged lost wages of $6,955.00 and claimed penalties, interest and liquidated damages of $6,955.00.

(G)     Plaintiff Rebecca Pierre-Louis shall be entitled to receive a payment in the gross amount of $3,965.00, representing alleged lost wages of $1,982.50 and claimed penalties, interest and liquidated damages of $1,982.50.

(H)     Plaintiff Lucinda James shall be entitled to receive a payment in the gross amount of $12,125.00, representing alleged lost wages of $6,062.50 and claimed penalties, interest and liquidated damages of $6,062.50.

(I)     Plaintiff Nora Lucas shall be entitled to receive a payment in the gross amount of $12,960.00, representing alleged lost wages of $6,480.00 and claimed penalties, interest and liquidated damages of $6,480.00.

(J)     Plaintiff Tatiana Oumantseva shall be entitled to receive a payment in the gross amount of $4,130.00, representing alleged lost wages of $2,065.00 and claimed penalties, interest and liquidated damages of $2,065.00.

(K)     Plaintiff Grissel Reynoso shall be entitled to receive a payment in the gross amount of $3,045.00, representing alleged lost wages of $1,522.50 and claimed penalties, interest and liquidated damages of $1,522.50.

(L)     Plaintiff Ingrid Mathurin shall be entitled to receive a payment in the gross amount of $2,955.00, representing alleged lost wages of $1,477.50 and claimed penalties, interest and liquidated damages of $1,477.50.

(M)     Plaintiff Shelly Robinson shall be entitled to receive a payment in the gross amount of $13,320.00, representing alleged lost wages of $6,660.00 and claimed penalties, interest and liquidated damages of $6,660.00.

**3.2**   **Settlement Amounts Payable as Service Awards**.

(A)   Defendant agrees to pay to the Named Plaintiffs a total of $18,600.00 as service awards, paid out as follows:

(1)   Plaintiff Phyllis Cameron shall be entitled to receive a payment in the gross amount of $8,600.00.

(2)   Plaintiff Reina Rojas shall be entitled to receive a payment in the gross amount of $5,000.00.

(3)   Plaintiff Cuba Bryant shall be entitled to receive a payment in the gross amount of $5,000.00.

(4)   The Parties agree that the Individual Settlement Amounts provided for herein shall be adjusted to the extent that the Court lowers or eliminates the service award payments provided for herein.  The aggregate total of the Individual Settlement Amounts shall be increased by the difference between $18,600.00 and the amount approved by the Court for service award payments and the additional money shall then be distributed to the Plaintiffs in proportion to their Individual Settlement Amounts, except that no Plaintiff shall receive more than $19,900.00 in the aggregate from their Individual Settlement Amount and service award.

**3.3**   **Settlement Amounts Payable as Attorneys' Fees and Costs**.

(A)   Defendant agrees to pay to Plaintiffs' Counsel $56,200.00 as attorneys' fees and $10,000.00 in costs incurred by Plaintiffs in connection with the Wage and Hour Claims.  Such amounts will be payable in a check or checks made payable to "Harrison, Harrison & Associates."

(B)   The Parties agree that the Individual Settlement Amounts provided for herein shall be adjusted to the extent that the Court lowers the attorneys' fee payments and costs provided for herein.  The aggregate total of the Individual Settlement Amounts shall be increased by the difference between $66,200.00 and the amount approved by the Court for attorneys' fees and costs and the additional money shall then be distributed to the Plaintiffs in proportion to their Individual Settlement Amounts, except that no Plaintiff shall receive more than $19,900.00 in the aggregate from their Individual Settlement Amount and service award.

**3.4**   **Tax Characterization**.

(A)   For tax purposes, one half (50% percent) of payments to Plaintiffs pursuant to Section 3.1 shall be treated as back wages and one half (50% percent) of such payments shall be treated as statutory penalties, interest and liquidated damages. Each Plaintiff shall provide to Defendant completed and executed IRS Forms W-4

and W-9.  Plaintiffs' counsel shall provide to Defendant on or before the Effective Date a completed and executed IRS Form W-9.

(B)    Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.  Payments treated as statutory penalties, interest and/or liquidated damages, and payments of service awards pursuant to Section 3.2, shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099 as Box 3 (Other Income). Payments of attorneys' fees and costs pursuant to Section 3.3 shall be made to Plaintiffs' Counsel without withholding and reported on an IRS Form 1099 in accordance with the law under both (i) the payee's name and taxpayer identification number and (ii) the Plaintiffs' names and social security numbers with a pro rata portion of such attorneys' fees and costs attributed to each Plaintiff.

(C)    Defendant shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Section 3.4(A).  Any such payroll taxes ordinarily borne by the employer shall be paid by Defendant in addition to the Settlement Amount, and shall not be paid out of the Settlement Amount.  Defendant shall not be responsible for (i) any payroll taxes imposed on employees, rather than employers, (ii) any taxes imposed on the portion of the payments to Plaintiffs treated as payment of statutory penalties, interest and/or liquidated damages or service awards reported on Forms 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiffs' Counsel under this Agreement.

(D)    Plaintiffs acknowledge and agree that, except as specified in Section 3.4(C), each will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.

**3.5    Settlement Checks**.

(A)    The payments referenced in Sections 3.1, 3.2 and 3.3 above shall be delivered to Plaintiffs' Counsel on the following schedule:

(1)    $60,600.00, or one-third of the Settlement Amount, shall be paid within five (5) days after the Effective Date (the "First Payment Date").

(2)    $60,600.00, or one-third of the Settlement Amount, shall be paid within 12 months after the First Payment Date (the "Second Payment Date").

(3)     $60,600.00, or one-third of the Settlement Amount, shall be paid within 24 months after the First Payment Date (the "Third Payment Date").

(B)     Defendant shall pay the first, second, and third installments by the First Payment Date, the Second Payment Date, and the Third Payment Date respectively, by delivering checks paid out as per the payment schedule attached to this Agreement as **Exhibit A** via overnight mail at the following address:  Harrison, Harrison & Associates, 110 Highway 35, #10, Red Bank, NJ 07701.  Exhibit A is expressly incorporated into, and made a part of, this Settlement Agreement.

(C)     Any checks issued under this Agreement that are not cashed within one hundred and eighty (180) calendar days shall be void.  Fifty percent of the value of such uncashed checks, shall revert to Defendant and fifty percent shall be used to make *cy pres* awards.  All *cy pres* awards shall be mutually agreed to by the Parties.

## 4.   RELEASE

**4.1   Release of Claims**.  By executing this Agreement, except as to such rights or claims as may be created by this Agreement, each Plaintiff, for herself and for her heirs, administrators, representatives, executors, successors and assigns, forever and fully releases Defendant and each of Defendant's respective current and former parents, affiliates, subsidiaries, officers, directors, shareholders, agents, and/or employees (collectively, the "Releasees"), from the Wage and Hour Claims each Plaintiff had, has, or may have, known or unknown, that may be legally waived by a court-approved agreement, arising out of her employment with Defendant, from the beginning of time to the date that she executes this Agreement, as well as any claims for interest, penalties, costs, disbursements, liquidated damages, or attorneys' fees relating to any such claims. Plaintiffs and Plaintiff's Counsel warrant and represent that they are not aware of any liens and/or pending legal claims applicable to the Settlement Amount.  Each Plaintiff agrees to defend, indemnify and hold harmless the Defendant against any lien, claim or action asserted against or related to her portion of the Settlement Amount.  Each Plaintiff also agrees that she will be solely responsible to satisfy any liens or claims asserted against the Defendant as against or related to her portion of the Settlement Amount.

**4.2   Non-Released Claims.**  Notwithstanding Section 4.1 above or any other language to the contrary in this agreement, Reina Rojas and Shelly Robinson explicitly retain (and do NOT release) any and all claims against Defendant relating to work that they performed as Certified Nurse Aides / Certified Nursing Assistants that have been asserted in the Amended Complaint in the action against Defendant pending in the United States District Court for the Southern District of New York, captioned *Yudelka E. Perez and Maritza Cortes v. Isabella Geriatric Center, Inc.*, Civil Action No. 13-CV-7453 (RA) (RLE).

**4.3   Non-Admission of Liability**.  The Parties acknowledge that Defendant has agreed to this Agreement and the terms of settlement herein (A) without in any way acknowledging any fault or liability on its part by Defendant or the Releasees, and in fact, Defendant specifically denies any liability on its part; and (B) with the understanding that the terms have been reached because this settlement will (1) avoid the further expense of litigation,

and (2) put the claims in the Litigation finally to rest.  Nothing in this Agreement shall be deemed or used as an admission by any Releasee of liability or damages.

4.4     **Representations and Warranties of Plaintiffs.**   By signing this Agreement, each Plaintiff acknowledges and agrees that:

(A)     She has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and she has been specifically advised to consult with legal counsel or a representative of her choice, has had the opportunity to do so and has, in fact, done so by consulting with Plaintiffs' Counsel;

(B)     She has read and understands the terms of this Agreement, all of which have been fully explained to her;

(C)     She has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(D)     The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to any of the Plaintiffs by any person or entity whatsoever to cause her to sign this Agreement; and

(E)     She has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in the Litigation, and has full authority to enter into this Agreement and the release contained in Section 4.1 above.

(F)     Upon payment of the amounts due pursuant to Section 3 above, she will have received all compensation due for all hours worked in connection with her employment with Defendant, through the date that she executes this Agreement, other than any compensation she may be owed for work performed as a class member in the litigation captioned *Yudelka E. Perez and Maritza Cortes v. Isabella Geriatric Center, Inc*., Civil Action No. 13-CV-7453 (RA) (RLE).

4.5     This Agreement shall not be fully executed until each Plaintiff and the Defendant has signed it.

5.     **INTERPRETATION AND ENFORCEMENT**

5.1     **Cooperation Between the Parties; Further Acts.**   The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2     **No Assignment.**   Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any

portion thereof or interest therein, including, but not limited to, any interest in the Litigation.  This Agreement cannot be assigned by Plaintiffs without the prior written consent of Defendant.

5.3 **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4 **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns and, with respect to the Defendant, its Board, successors, future affiliates, owners, agents, assigns, attorneys, directors, divisions and future affiliates.

5.5 **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated the principal terms and conditions of this Agreement at arms' length, during two mediation sessions before Martin F. Scheinman, Esq.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6 **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7 **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

5.8 **Governing Law.**  This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.9 **Choice of Forum.**  The Parties Agree that any disputes arising out of or related to this Agreement shall be filed in a federal or state court sitting in the State of New York, County of New York, and the Parties consent to the jurisdiction of such courts for purposes of any such action.

5.10 **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement

shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.11    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

5.12    **Counterparts.**  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.13    **Facsimile and Email Signatures and Electronic Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.  Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

**[Signatures Begin on Next Page]**

22-Aug-2017 04:28 From Phyllis Cameron. Phone #7186971227    FaxZero.com    p.2

Case 1:16-cv-04357-RA-AJP    Document 59    Filed 08/31/17    Page 18 of 32

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____
Phyllis Cameron

8 | 20 | 2017
_____
Date

_____
Cuba Bryant

_____
Date

_____
Reina Rojas

_____
Date

_____
Nettie Peterkin

_____
Date

_____
Nisha R. Pullat

_____
Date

_____
Rebecca Pierre-Louis

_____
Date

_____
Lucinda James

_____
Date

_____
Nora Lucas

_____
Date

_____
Tatiana Oumantseva

_____
Date

_____
Grissel Reynoso

_____
Date

_____
Ingrid Mathurin

_____
Date

_____
Shelly Robinson

_____
Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.


_____          _____
Phyllis Cameron                                                    Date

                                                                            8/28/2017
_____          _____
Cuba Bryant                                                        Date


_____          _____
Reina Rojas                                                        Date


_____          _____
Nettie Peterkin                                                    Date


_____          _____
Nisha R. Pullat                                                    Date


_____          _____
Rebecca Pierre-Louis                                               Date


_____          _____
Lucinda James                                                      Date


_____          _____
Nora Lucas                                                         Date


_____          _____
Tatiana Oumantseva                                                 Date


_____          _____
Grissel Reynoso                                                    Date


_____          _____
Ingrid Mathurin                                                    Date


_____          _____
Shelly Robinson                                                    Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____        _____
Phyllis Cameron                                          Date


_____        _____
Cuba Bryant                                               Date

                   DocuSigned by:                                    8/22/2017
                   *Reina Rojas*
                   61D897E67AD9425...
_____        _____
Reina Rojas                                              Date


_____        _____
Nettie Peterkin                                          Date


_____        _____
Nisha R. Pullat                                          Date


_____        _____
Rebecca Pierre-Louis                                     Date


_____        _____
Lucinda James                                            Date


_____        _____
Nora Lucas                                               Date


_____        _____
Tatiana Oumantseva                                       Date


_____        _____
Grissel Reynoso                                          Date


_____        _____
Ingrid Mathurin                                          Date


_____        _____
Shelly Robinson                                          Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____          _____
Phyllis Cameron                                                    Date

_____          _____
Cuba Bryant                                                         Date

_____          _____
Reina Rojas                                                         Date

_____          _____
Nettie Peterkin                                                    Date

DocuSigned by:
_NETTIE PETERKIN_                                 8/24/2017
DEA96ABB090944F...
_____          _____
Nisha R. Pullat                                                    Date

_____          _____
Rebecca Pierre-Louis                                           Date

_____          _____
Lucinda James                                                    Date

_____          _____
Nora Lucas                                                         Date

_____          _____
Tatiana Oumantseva                                            Date

_____          _____
Grissel Reynoso                                                  Date

_____          _____
Ingrid Mathurin                                                  Date

_____          _____
Shelly Robinson                                                  Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.


_____          _____
Phyllis Cameron                                                         Date


_____          _____
Cuba Bryant                                                             Date


_____          _____
Reina Rojas                                                            Date


_____          _____
Nettie Peterkin                                                       Date


_____          _____
Nisha R. Pullat                                                       Date

*Nisha Pullat*                                                        8/22/2017

_____          _____
Rebecca Pierre-Louis                                              Date


_____          _____
Lucinda James                                                        Date


_____          _____
Nora Lucas                                                            Date


_____          _____
Tatiana Oumantseva                                             Date


_____          _____
Grissel Reynoso                                                     Date


_____          _____
Ingrid Mathurin                                                     Date


_____          _____
Shelly Robinson                                                    Date


Page **11** of **12**

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____          _____
Phyllis Cameron                                                    Date

_____          _____
Cuba Bryant                                                        Date

_____          _____
Reina Rojas                                                        Date

_____          _____
Nettie Peterkin                                                    Date

_____          _____
Nisha R. Pullat                                                    Date
                                                                   8/22/2017
_____          _____
Rebecca Pierre-Louis                                               Date

_____          _____
Lucinda James                                                      Date

_____          _____
Nora Lucas                                                         Date

_____          _____
Tatiana Oumantseva                                                 Date

_____          _____
Grissel Reynoso                                                    Date

_____          _____
Ingrid Mathurin                                                    Date

_____          _____
Shelly Robinson                                                    Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.


_____         _____
Phyllis Cameron                                                Date


_____         _____
Cuba Bryant                                                       Date


_____         _____
Reina Rojas                                                       Date


_____         _____
Nettie Peterkin                                                 Date


_____         _____
Nisha R. Pullat                                                 Date


_____         _____
Rebecca Pierre-Louis                                        Date


_____         _____
Lucinda James                                                 8/24/17   Date


_____         _____
Nora Lucas                                                      Date


_____         _____
Tatiana Oumantseva                                       Date


_____         _____
Grissel Reynoso                                             Date


_____         _____
Ingrid Mathurin                                             Date


_____         _____
Shelly Robinson                                            Date

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

Phyllis Cameron _____    _____ Date

Cuba Bryant _____    _____ Date

Reina Rojas _____    _____ Date

Nettie Peterkin _____    _____ Date

Nisha R. Pullat _____    _____ Date

Rebecca Pierre-Louis _____    _____ Date

Lucinda James _____

_nora Lucur_    8/30/17 Date
Nora Lucas

Tatiana Oumantseva _____    _____ Date

Grissel Reynoso _____    _____ Date

Ingrid Mathurin _____    _____ Date

Shelly Robinson _____    _____ Date

Page 11 of 12

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

| | |
|---|---|
| Phyllis Cameron | Date |
| Cuba Bryant | Date |
| Reina Rojas | Date |
| Nettie Peterkin | Date |
| Nisha R. Pullat | Date |
| Rebecca Pierre-Louis | Date |
| Lucinda James | Date |
| Nora Lucas | Date |
| Tatiana Oumantseva | 08/24/2017 Date |
| Grissel Reynoso | Date |
| Ingrid Mathurin | Date |
| Shelly Robinson | Date |

Page **11** of **12**

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____          _____
Phyllis Cameron                                                                Date

_____          _____
Cuba Bryant                                                                    Date

_____          _____
Reina Rojas                                                                    Date

_____          _____
Nettie Peterkin                                                                Date

_____          _____
Nisha R. Pullat                                                                Date

_____          _____
Rebecca Pierre-Louis                                                           Date

_____          _____
Lucinda James                                                                  Date

_____          _____
Nora Lucas                                                                     Date

_____          _____
Tatiana Oumantseva                                                             Date

_____          _____
Grissel Reynoso                                                     8/22/17    Date

_____          _____
Ingrid Mathurin                                                                Date

_____          _____
Shelly Robinson                                                                Date

Page **11** of **12**

IN WITNESS WHEREOF the Parties have executed this Agreement on the dates indicated below.

Phyllis Cameron                                          Date

Cuba Bryant                                              Date

Reina Rojas                                              Date

Nettie Peterkin                                          Date

Nisha R. Pullat                                          Date

Rebecca Pierre-Louis                                     Date

Lucinda James                                            Date

Nora Lucas                                               Date

Tatiana Oumantseva                                       Date

Grissel Reynoso                                          Date  8/28/17

Ingrid Mathurin                                          Date

Shelly Robinson                                          Date

Page 11 of 12

DocuSign Envelope ID: B321A6F1-EF9B-43C2-A680-8833E1F69E22

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____        _____
Phyllis Cameron                                                        Date

_____        _____
Cuba Bryant                                                            Date

_____        _____
Reina Rojas                                                            Date

_____        _____
Nettie Peterkin                                                        Date

_____        _____
Nisha R. Pullat                                                        Date

_____        _____
Rebecca Pierre-Louis                                                   Date

_____        _____
Lucinda James                                                          Date

_____        _____
Nora Lucas                                                             Date

_____        _____
Tatiana Oumantseva                                                     Date

_____        _____
Grissel Reynoso                                                        Date

_____        _____
Ingrid Mathurin                                                        Date

DocuSigned by:                                        8/28/2017
ShellyRobinson                        _____
38EE00295070450...
Shelly Robinson                                                        Date

Page **11** of **12**

ISABELLA GERIATRIC CENTER, INC.

_Rocco Meliambro_                  _AUGUST 22, 2017_

By: Rocco MELIAMBRO                        Date

Its: VICE PRESIDENT - FINANCE /
      INTERIM CEO

# EXHIBIT A

| Name | Settlement Amount | Service Awards | Total | 1st Payment | | 2nd Payment | | 3rd Payment | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | W-2 | 1099 | W-2 | 1099 | W-2 | 1099 |
| **LPNs** | | | | | | | | | |
| Bryant, Cuba | $ 12,805.00 | $ 5,000.00 | $ 17,805.00 | $ 2,134.17 | $ 3,800.84 | $ 2,134.16 | $ 3,800.83 | $ 2,134.17 | $ 3,800.83 |
| James, Lucinda | $ 12,125.00 | | $ 12,125.00 | $ 2,020.83 | $ 2,020.83 | $ 2,020.84 | $ 2,020.84 | $ 2,020.83 | $ 2,020.83 |
| Lucas, Nora | $ 12,960.00 | | $ 12,960.00 | $ 2,160.00 | $ 2,160.00 | $ 2,160.00 | $ 2,160.00 | $ 2,160.00 | $ 2,160.00 |
| Mathurin, Ingrid | $ 2,955.00 | | $ 2,955.00 | $ 492.50 | $ 492.50 | $ 492.50 | $ 492.50 | $ 492.50 | $ 492.50 |
| Oumantseva, Tatiana | $ 4,130.00 | | $ 4,130.00 | $ 688.33 | $ 688.33 | $ 688.33 | $ 688.33 | $ 688.34 | $ 688.34 |
| Pierre-Louis, Rebecca | $ 3,965.00 | | $ 3,965.00 | $ 660.83 | $ 660.83 | $ 660.84 | $ 660.84 | $ 660.83 | $ 660.83 |
| Reynoso, Grissel H | $ 3,045.00 | | $ 3,045.00 | $ 507.50 | $ 507.50 | $ 507.50 | $ 507.50 | $ 507.50 | $ 507.50 |
| Robinson, Shelly | $ 13,320.00 | | $ 13,320.00 | $ 2,220.00 | $ 2,220.00 | $ 2,220.00 | $ 2,220.00 | $ 2,220.00 | $ 2,220.00 |
| Rojas, Reina D | $ 3,965.00 | $ 5,000.00 | $ 8,965.00 | $ 660.83 | $ 2,327.50 | $ 660.83 | $ 2,327.51 | $ 660.84 | $ 2,327.49 |
| | | | | $ - | | | | | |
| **RNs** | | | | $ - | | | | | |
| Cameron, Phyllis | $ 11,260.00 | $ 8,600.00 | $ 19,860.00 | $ 1,876.67 | $ 4,743.34 | $ 1,876.66 | $ 4,743.33 | $ 1,876.67 | $ 4,743.33 |
| Peterkin, Nettie | $ 2,560.00 | | $ 2,560.00 | $ 426.67 | $ 426.67 | $ 426.66 | $ 426.66 | $ 426.67 | $ 426.67 |
| Pullat, Nisha Robin | $ 13,910.00 | | $ 13,910.00 | $ 2,318.33 | $ 2,318.33 | $ 2,318.34 | $ 2,318.34 | $ 2,318.33 | $ 2,318.33 |
| | | | | | | | | | |
| **SUBTOTAL** | $ 97,000.00 | $ 18,600.00 | $ 115,600.00 | $ 16,166.66 | $ 22,366.67 | $ 16,166.66 | $ 22,366.68 | $ 16,166.68 | $ 22,366.65 |
| | | | | | | | | | |
| **Costs ($10,187.50)** | $10,000.00 | | | | | | | | |
| **Attorneys' Fees** | $56,200.00 | | | | | | | | |
| | | | | | | | | | |
| Harrison, Harrison & Assoc | $66,200.00 | | $ 66,200.00 | | $ 22,066.67 | | $ 22,066.66 | | $22,066.67 |
| | | | | | | | | | |
| **TOTAL** | | | | $ 16,166.66 | $ 44,433.34 | $ 16,166.66 | $ 44,433.34 | $ 16,166.68 | $ 44,433.32 |
| | | | | | | | | | |
| **GRAND TOTAL** | | | $ 181,800.00 | **$60,600.00** | | **$60,600.00** | | **$60,600.00** | |